IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARY C. ROGERS,

      Defendant.

Case No. 1:08-CR-002
JUDGE MICHAEL R. BARRETT

## OPINION AND ORDER

The United States Probation Office for the Southern District of Ohio received a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. For the following reasons, the Court **HOLDS IN ABEYANCE** its decision as to whether the subpoena shall be quashed.

### I.

The subpoena at issue here was requested by Mary C. Rogers, who is the defendant in this case, and issued by the Clerk of this Court. In 2011, Ms. Rogers appeared before the Honorable Sandra S. Beckwith for sentencing after having pled guilty to a two-count information charging her with one count of Conspiracy to Commit Bank and Mail Fraud and one count of Filing a False Tax Return, in violation of 18 U.S.C. § 1349 and 26 U.S.C. § 7206(1) respectively. As part of the Judgment and Commitment Order she was ordered to pay restitution in the amount of four million dollars.

On December 19, 2018, Ms. Rogers filed a Motion to Vacate her sentence under 28 U.S.C. § 2255. (ECF No. 73.) Her case was reopened and assigned to the Honorable Michael R. Barrett. The Government then filed a Response to the Motion to Vacate (ECF No. 76) and Defendant Rogers filed a Reply (ECF No. 78). Judge Barrett then issued an order stating:

1

In the Government's Response, it stated that "[i]n the event this Court determined that Rogers' 2255 is not waived and the petition is not time-barred the government will, upon direction of this Court, respond fully to the merits of her claim." (Doc. 76 at PageID 433). To be clear, the Court is not making any ruling at this time. However, the Court orders the Government to respond more fully to the merits of Defendant's assertions.

(ECF No. 79.)

Shortly thereafter, Judge Barret recused and this case was reassigned to the Honorable Susan J. Dlott. (ECF No. 82.)

Currently, Defendant Rogers' Motion to Vacate is not fully briefed, and thus Judge Dlott has not had the opportunity to determine whether the petition is time-barred.

Defendant Rogers has subpoenaed documents that will provide support for her contention that she did not commit the crime of which she was convicted and does not owe the restitution that was ordered. (Rogers Aff. ¶ 9) ("I am not and was not involved in a conspiracy with CBST Acquisition LLC, a subsidiary of Dynus, to defraud PNC of $4 million."). Specifically, she requests:

(1) A copy of any affidavit generated by National City Bank and provided to the U.S. Probation Office authenticating a four million dollar loan with the Dynus Corporation.

(2) A copy of any and all bank documents, worksheets, and/or work products received by the probation office from the U.S. Attorney's Office in the preparation of the presentence report.

(3) A copy of any and all bank documents, worksheets, and/or work products generated by the U.S. Probation office showing the complete accounting, including debts, credits and all underlying supporting documentation showing the calculation of a four million dollar loss, and used in the preparation of her presentence report.

## II.

The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the production or disclosure of documents and the testimony of federal judicial personnel, including United States probation officers, in legal proceedings. Those procedures, outlined in Volume 20, Chapter 8 of the *Guide to Judiciary Policy*, have been adopted by this Court in its local criminal rules. *See* S.D. Ohio Crim. R. 32.3(b). Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with the regulations set forth in Volume 20, Chapter 8 of the *Guide*. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 820(a); *see also In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 799 (S.D. Ohio 2015) (restating the *Guide*'s general prohibition on testimony and record production in legal proceedings).

Judicial personnel may not provide testimony or produce records in legal proceedings without the prior approval of a "determining officer." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 840(a). The determining officer varies depending on the request. As to requests directed to an employee or former employee of a court office—such as the Clerk's office, the Probation office, or the Pretrial Services office—the determining officer is the unit head of the particular office such as the Clerk of Court, the Chief Probation Officer, or the Chief Pretrial Services Officer. *Id.* § 840(b)(3). If a request is directed to a court office, the determining officer shall consult with the Chief District Judge regarding the proper response to the request. *Id.*; *see also* S.D. Ohio Crim. R. 32.3(c).

The determining officer may deny a request if the request does not meet any requirement imposed by Volume 20, Chapter 8 of the *Guide*. Moreover, when determining whether to authorize the production of judicial records or the testimony of judicial personnel in legal

proceedings, "the determining officer will consider, based on [sixteen enumerated factors], the effect in the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.* The enumerated factors are as follows:

(1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3) Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant
substantive law of privilege.

(6) Whether the request is within the proper authority of the party making it.

(7) Whether the request meets the requirements of these regulations.

(8) Whether the request was properly served under applicable court, administrative, or other rules.

(9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10) Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

4

(12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13) Whether the request seeks testimony, records or documents available from other sources.

(14) Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15) Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

    (A) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

    (B) the personnel files, records or documents sought by the request would be made available to the requester with the Guide to Judiciary Policy, Vol. 20, Ch. 8 written consent or authorization of the current or former federal judicial officer or employee in question.

(16) Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.

*Guide to Judiciary Policy*, vol. 20, ch. 8, § 850(a).

### III.

Here, after consulting with the Chief United States Probation Officer, the Court concludes that there are numerous reasons to quash the subpoena, including that "the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 850(a)(11). However, the Court will withhold its decision pending Judge Dlott's decision as to whether Defendant Rogers' 2255 petition is time barred.

## IV.

For these reasons, the Court **HOLDS IN ABEYANCE** its decision as to whether the subpoena shall be quashed. Until the decision is made, the Probation Department for the Southern District of Ohio shall not provide the requested documents.

**IT IS SO ORDERED.**

4-16-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE