IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARY ROGERS, | : | Case No. 1:08-cr-02 |
| Petitioner, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME AND PETITIONER'S MOTION FOR RECONSIDERATION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

This matter is before the Court, yet again, on Petitioner Mary Rogers' Motion for Reconsideration (Doc. 99) and Motion for Extension of Time to File a Motion for Reconsideration (Doc. 97). As she has already filed her Motion for Reconsideration, her Motion for Extension of Time will be **DENIED AS MOOT**. However, the Court has reviewed and considered Rogers' Motion for Reconsideration, and her Motion for Reconsideration will be **DENIED**.

Mary Rogers, her co-conspirator Orlando Carter, and various entities Carter owned or controlled have filed numerous actions attacking the existence of a $4,000,000 debt to National City Bank from 2004 underlying some of the criminal charges against them.[1] All of these actions have been dismissed. *See, e.g., Carter v. United States Attorney's Office*, Case No. 1:16-cv-530; *Carter v. United States Department of Justice*, Case No. 1:17-cv-248; *Carter v. National City Bank*, Case No. 1:17-cv-508; *CBST Acquisition, LLC v. Department of Justice*, Case No. 1:18-cv-162; *Carter v. Commissioner*, Case No. 1:18-cv-400; *Carter v. PNC Bank*, Case No.

---

[1] PNC Bank subsequently purchased National City Bank.

1

1:18-cv-706; *Rogers v. National City Bank*, Case No. 1:18-cv-825; and *Rogers v. PNC Bank*, Case No. 1:18-cv-889.

Rogers pled guilty to charged counts one and two: conspiracy to commit bank and mail fraud, in violation of 18 U.S.C. § 1349; and filing a false income tax return, in violation of 26 U.S.C. § 7206(1). She was sentenced to twenty-four months in prison, five years of supervised release, and restitution of $4,000,000. (Doc. 42.) As detailed in the Court's prior Orders, a jury heard evidence regarding the $4,000,000 loan and convicted Orlando Carter on all eleven counts charged. (Docs. 91 and 94.)

For approximately four years, Carter, Rogers and affiliated entities have alleged that because neither the Office of the Comptroller of the Currency ("OCC") nor the United States Attorney's Office recently has produced evidence of the $4,000,000 loan from 2004, the loan never existed.[2] Carter and Rogers attempt to characterize this lack of paperwork availability years after the trial and guilty plea and after PNC acquired National City Bank as "new evidence" that the debt never existed.

In support of her Motion for Reconsideration, Rogers attaches the Affidavit of James Johnson and another OCC letter. (Doc. 99, Exhs. A and B.) In his affidavit, Johnson—who never explains his relationship to or role in this matter—states that he talked with a PNC attorney and officer, and both denied knowledge of the $4,000,000 debt or knowledge that it had ever existed.[3] (Doc. 99, Exh. A at PageID 729.) In addition, Johnson testifies:

> 9. In October of 2018, I personally met with the U.S. Attorney Benjamin Glassman and AUSA Kenneth Parker at Glassman's office in Cincinnati, Ohio. Glassman began the meeting, before any discussion of the primary reason for our engagement, the finding by

---

[2] *See, e.g.*, *Carter v. United States Attorney's Office*, Case No. 1:16-cv-530, Doc. 22 (entitled in part "Notice of Deception" and attaching as exhibit A the letter received from the OCC).

[3] It is unclear from Johnson's affidavit whether the PNC attorney and officer stated that the debt never existed or that Johnson came to that conclusion after they denied current knowledge of the debt.

2

> the OCC, by stating that the Department of Justice shredded documents which proved he [sic] existence of the $4 million loan.
> 10. I responded to Glassman by saying the Department of Justice and the Office of the U.S. Attorney could not shred documents which do not exist, as affirmed by the OCC and PNC.

(*Id.* at PageID 729–730.) Johnson concludes, "Based upon my direct participation in the investigation and knowledge of the OCC's 2017 finding, I can say with absolute certainty that a $4 million debt does not exist and never existed between CBST and PNC." (*Id.* at PageID 729.)

However, based on Johnson's affidavit, he did not have "direct participation" in this matter. He interviewed two PNC executives and reviewed the OCC information he obtained from a public records request. (*Id.* at PageID 729–730.) His hearsay-based affidavit simply provides his interpretation of information others allegedly provided.

The other alleged "new evidence" Rogers provides is an unsigned letter from the OCC "Customer Assistance Group" to Rogers' co-conspirator, Orlando Carter, dated January 30, 2017. (Doc. 99, Exh. B at PageID 731.) This letter, by its very terms, offers no factual determination as to whether National City Bank (which PNC subsequently acquired) made the $4,000,000 loan.

As the Court fully explained in denying Petitioner's earlier motion, Rogers knowingly and voluntarily pled guilty to the criminal charges against her, and she specifically acknowledged her role in creating the $4,000,000 debt. (Doc. 91, PageID 620–631.) In addition, the Government offered evidence of the $4,000,000 loan during Orlando Carter's criminal trial, and a jury convicted him. (*Id.*) Finally, as the Court has explained numerous times (and as the OCC specifically acknowledges in its letter), the OCC has no role in criminal investigations. The OCC provides oversight to banks on specific issues, and it attempts to resolve certain

3

consumer complaints, but it does not act as an adjudicator of factual disputes. (Doc. 99, Exh. B at PageID 731.)

As the Court has explained repeatedly in this and related actions, OCC's current failure to provide documentation of the loan National City advanced to Dynus Corporation in 2004 is insufficient "new evidence" to attack Rogers' criminal conviction in this matter. Rogers' repeated efforts to relitigate this issue lack merit both factually[4] and legally.[5]

For the reasons set forth in all related cases as well as in the Court's prior Orders in this case (Docs. 91 and 94), the Court hereby **DENIES** Petitioner's Motion for Reconsideration (Doc. 99). Petitioner's Motion for Extension of Time (Doc. 97) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: 4/14/20

Judge Susan J. Dlott
United States District Court

---

[4] *See United States v. Carter*, Case No. 1:08-cr-51, Doc. 150; *Carter v. United States Attorney's Office*, Case No. 1:16-cv-530, Doc. 23; *Carter v. United States Department of Justice*, Case No. 1:17-cv-248, Docs. 43 and 48; *Carter v. National City Bank*, Case No. 1:17-cv-508, Docs. 55 and 67; *CBST Acquisition, LLC v. Department of Justice*, Case No. 1:18-cv-162, Docs. 40 and 41; *Carter v. Commissioner*, Case No. 1:18-cv-400, Docs. 38 and 40; *Carter v. PNC Bank*, Case No. 1:18-cv-706, Docs. 35 and 39; *Rogers v. National City Bank*, Case No. 1:18-cv-825, Doc. 20; *Rogers v. PNC Bank*, Case No. 1:18-cv-889, Doc. 4.

[5] *See, e.g., CBST Acquisition, LLC v. PNC Bank, N.A.*, Case No. 1:19-cv-06, Doc. 17 at PageID 131–165.