**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARY C. ROGERS,**

**Defendant.**

**Case No. 1:08-cr-2**

**JUDGE DOUGLAS R. COLE**

**OPINION AND ORDER**

Rogers is nothing if not persistent. In 2008, she pleaded guilty to conspiracy to commit bank fraud in connection with a $4,000,000 loan. (Doc. 2). In 2011, this Court (acting through the then-assigned judge) sentenced her to 24-months in prison and 5 years supervised release, both of which she has long-since completed. (Doc. 42). But one aspect of her sentence remains outstanding—a $4,000,000 restitution order. (*Id.* at #279).

In recent years, she has mounted various attacks against that restitution obligation. (*See, e.g.*, Docs. 73, 92, 93, 109). Her principal argument, which the Court disposed of in an opinion about two years ago, was that the loan never occurred, meaning that she did not commit the charged crime. (*See* Doc. 112). But now she takes a different tack. She says that the restitution order should be reduced by the value of 31 pallets of equipment that PNC Bank (the lender) received from CBST (the lendee) *in 2005*. (Doc. 121, #937). To that end, her present motion demands a pallet-by-pallet accounting of that equipment. (*Id.* at #936). Soon after filing that motion, she filed two additional motions aimed at speeding things along: a Motion for an

Order to Show Cause giving the government seven days to show why an accounting is inappropriate, (Doc. 123), and a Motion to Expedite Ruling, (Doc. 125).[1]

The Court once again finds her arguments lack merit. So the Court **DENIES** her Motion for Accounting. (Doc. 121). Consistent with that, it also **DENIES** her Motion for Order to Show Cause, (Doc. 123), and her Motion to Expedite Ruling, (Doc. 125), as **MOOT**.

## BACKGROUND

The Court has exhaustively detailed the underlying facts in its recent opinion and order two years ago, (Doc. 112, #870–77), and declines to do so again here. Suffice to say that, in her role as Butler County Auditor in the early 2000s, Rogers conspired with others to allow them to receive a $4,000,000 loan to which they were not entitled. (*Id.*). After she pleaded guilty, she received a 24-month sentence, a five-year term of supervised release, and most importantly for present purposes, a $4,000,000 restitution obligation. (Doc. 42). In the ensuing fifteen years, it appears she has paid roughly $59,000 of that amount. (Gov't Resp., Doc. 122, #957).

In recent years, she sought to have her conviction (and the accompanying restitution order) overturned, claiming that "new evidence" showed that the underlying loan never occurred. (*See generally* Pet. for Writ of Mandamus, Doc. 109).

[1] Rogers also filed a Notice of Supplemental Evidence (Doc. 131) on September 9, 2026, claiming that PNC made a recent admission in her parallel civil case against it that it possesses "allegedly exculpatory information" that might support her Motion for Accounting. (*See* Mot. to Dismiss Pl.'s Am. Compl., *Rogers v. PNC Bank, N.A.*, No. 1:26-cv-625 (S.D. Ohio Sept. 2, 2026), Doc. 36, #764). However, in the underlying filing to which she refers, PNC was relaying Rogers' position, not admitting that it does, in fact, have such evidence. Thus, Rogers' notice adds nothing relevant to the analysis here.

Finding her claims both untimely and spurious, the Court denied her request. (Doc. 112).

She has now shifted gears, at least slightly. In an appeal in related litigation against the government (as noted, Rogers has been a prolific litigator), the government attached a Bill of Lading showing a 31-pallet shipment from the loan recipient to the Bank that allegedly occurred in 2005. (Doc. 121, #953, Ex. A). Rogers now wants to know more about that shipment. She says that the value of the products the Bank received should be offset against the $4,000,000 restitution order. So, on July 6, 2026, she moved for an "accounting." (*Id.* at #934). There, she asks the Court to order the government to provide her, as to each pallet, with "[t]he specific item-by-item contents and description of each individual item of equipment in that pallet, as reflected by [the Bank's] receiving inventory documentation," and also "the fair market value of each pallet's contents." (*Id*. at #949).

Roughly three weeks later, concerned that she was not receiving prompt action on her request, she also moved for an order directing the government to show cause why the Court should not grant her requested relief. (Doc. 123). And then four days after that, she filed a motion to expedite the Court's ruling. (Doc. 125).

The government has since responded to all three motions. (Docs. 122, 129). So the matter is ripe for the Court's review.

## LAW AND ANALYSIS

The Court entered the restitution order at issue in 2011. (Doc. 42). As the government correctly notes, the Court's ability to revisit such orders is limited. (Doc.

122, #958 (citing *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012))). Rogers has identified no facts that would provide the Court the authority to do so here.

Rogers seeks to avoid that shortcoming by claiming that she is not attacking the order, but rather only seeking information as to whether or to what extent it has been satisfied. (Doc. 121, #935). She says this is "a question of accounting and credit under 18 U.S.C. § 3664(e) and (j)(2), not a challenge to a term of [her] sentence." (Doc. 130, #1008). She notes that restitution is designed only to make the victim whole, so if the victim (here, the Bank) received a portion of the loan value through the equipment, that value should be credited against her remaining obligation. (*See generally id.*).

But on the timing of the underlying events here, the Court rejects Rogers' characterization that she is seeking an accounting rather than a modification of her sentence. Recall, the Court imposed the restitution obligation in a sentence it issued in 2011. The shipment of goods she raises occurred in 2005. So, any error reflected in failing to credit that amount would be an error in the original calculation of the restitution amount, not an error in accounting as to whether the ordered amount was paid.

If, by contrast, the shipment had occurred *after* the entry of the restitution obligation, Rogers may be on to something. After all, 18 U.S.C. § 3664(j)(2) provides that amounts paid under an order of restitution "shall be reduced by any amount *later* recovered as compensatory damages for the same loss by the victim." (Emphasis added). But the equipment on the 31 pallets shipped in 2005, whatever it was, does

not represent value "later recovered." *Id.* So, even assuming, as Rogers contends, that the Court has greater power to monitor the discharge of a restitution order based on later-occurring events, that principle would play no role here.

The bottom line is that the restitution statute contemplates that various work will occur to quantify the harm at the outset. The sentencing court then enters a restitution order based on that investigation. Then, if the restitution obligee later receives additional compensation from a third party, the defendant is entitled to a credit against the award.

Rogers' challenge here goes to the first part of that equation, so, her protestations to the contrary notwithstanding, she is necessarily challenging the judgment in her criminal case. For all the reasons the Court already discussed in its previous opinion and order, (Doc. 112), and declines to repeat here, she has no basis to do so. Accordingly, the Court denies her motion.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Rogers' Motion for Accounting. (Doc. 121). Consistent with that, it also **DENIES** her Motion for Order to Show Cause, (Doc. 123), and her Motion to Expedite Ruling, (Doc. 125), as **MOOT**.

**SO ORDERED.**

September 10, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**